UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS, JR.,<br>CDC #H-36974,<br><br>        Plaintiff,<br><br>v.<br><br>STEVE RITTER, et al.,<br><br>        Defendants. | Case No. 04-CV-2303-WQH (JMA)<br><br>**ORDER FOLLOWING CASE MANAGEMENT CONFERENCE** |

The Court convened a telephonic Case Management Conference on July 10, 2007 at 9:30 a.m. During the conference, the Court discussed, *inter alia*, various issues raised by recent filings by the parties, including Plaintiff's May 30, 2007 filing entitled "Motion to Extend Cutoff Date on Discovery Deadline" (Doc. No. 55), Plaintiff's June 1, 2007 filing entitled "Motion to Address the Court" (Doc. No. 57), Defendants' Answer to Second Amended Complaint filed on June 18, 2007 (Doc. No. 59), and Defendants' Objection and Response to Plaintiff's Motion to Address the Court on Latest Medical Findings filed on June 29, 2007 (Doc. No. 65).

//

**IT IS HEREBY ORDERED**:

1. As previously set forth in the Court's March 29, 2007 Order (see Doc. No. 48, page 7), the operative pleading in this matter is the First Amended Complaint ("FAC") filed on February 8, 2005 *nunc pro tunc* February 3, 2005. Accordingly, Defendants' Answer to Second Amended Complaint (Doc. No. 59) is procedurally improper. Defendants' counsel, Jason Tortorici, Esq., advised the Court that he will file a notice of withdrawal as to this document.

2. The operative schedule in this case is set forth in the Court's March 29, 2007 Order (see Doc. No. 48). Pursuant to that schedule, the cutoff for discovery was extended to September 14, 2007. No further extensions of the dates contained in the amended schedule issued on March 29, 2007 shall be granted.

3. As set forth in the amended schedule, expert disclosures required by Fed. R. Civ. P. 26(a)(2) are due from both parties on August 10, 2007.

4. If there is any insurance that provides coverage for the claims asserted by Plaintiff, Defendants must comply with the disclosure requirement of Fed. R. Civ. P. 26(a)(1)(D) within two (2) weeks of the date of this Order.

5. Plaintiff's Motion to Compel Further Responses to Discovery (Doc. No. 51) has been taken under submission.

6. Although Defendants' Objection and Response to Plaintiff's Motion to Address the Court on Latest Medical Findings (Doc. No. 65) purports to respond to Plaintiff's June 1, 2007 filing (Doc. No. 57), the Court does not see anything in the filing at Doc. No. 57 that relates to Plaintiff's "latest medical

1 findings."

2     7.  The Court engaged in a lengthy discussion with the parties regarding the medical records that Defendants have subpoenaed from various institutions.  As discussed, Plaintiff's medical history has clearly been put at issue by the allegations in the FAC, and Defendants are accordingly entitled to seek discovery pertaining to Plaintiff's medical history.  At a minimum, Defendants are entitled to records dating back to 2002, as the FAC contains allegations dating back to that year. Defendants are also entitled to documents predating 2002 in order to explore the history and background of those aspects of Plaintiff's medical condition put at issue by the FAC.  The parties shall discuss an appropriate time scope for documents to be obtained from Richard J. Donovan Correctional Facility, as well as the signing of a medical authorization by Plaintiff.  If the parties are unable to resolve this issue and/or if Plaintiff refuses to sign a medical authorization, Defendants may contact the Court regarding filing a motion to compel.

    8.  Plaintiff is entitled to inspect any documents received by Defendants from third parties and/or to obtain copies of such documents upon payment of a reasonable copying charge.

    9.  The Court also engaged in a discussion with the parties regarding any deposition(s) Plaintiff may wish to take.  During the conference, Plaintiff advised that he intends to take a deposition(s) by way of a sound recording device.  Defendants' counsel objected, and indicated that he would require a court reporter to be present before producing any witnesses for deposition.

1     Upon review of the applicable Federal Rules, the Court
2 observes that Plaintiff is permitted to record a deposition by
3 sound, sound-and-visual, or stenographic means.  <u>See</u> Fed. R. Civ.
4 P. 30(b)(2).  Plaintiff should be aware that should he record a
5 deposition only by audiotape, and later offer a deposition as
6 evidence at trial or on a dispositive motion, a transcript of the
7 deposition will be required by Fed. R. Civ. P. 26(a)(3)(B) and
8 32(c).  Plaintiff should also be aware that he will be
9 responsible for arranging the presence of an officer authorized
10 to administer oaths by the laws of the United States (including,
11 by way of example only, a notary), as required by Fed. R. Civ. P.
12 28(a), and shall bear any costs related thereto, at any
13 deposition(s) he takes.  Should Defendants wish to have any
14 depositions taken by Plaintiff recorded by stenographic means,
15 Defendants may do so at their own expense under Fed. R. Civ. P.
16 30(b)(3).

17     10.  The Court will not tolerate any further taunts or
18 threats in any papers filed in this case.  The Court expects the
19 parties to act toward each other with the highest degree of
20 respect and professionalism at all times.

21     11.  The Court will convene a telephonic Case Management
22 Conference on **September 12, 2007** at **4:00 p.m.**  Plaintiff and
23 counsel for Defendants shall participate in the conference.  The
24 Court will coordinate the conference call.

25     **IT IS SO ORDERED.**
26 DATED:  July 12, 2007

27
28                               Jan M. Adler
                                U.S. Magistrate Judge