UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS, JR., CDC #H-36974,<br><br>           Plaintiff,<br>v.<br><br>STEVE RITTER, et al.,<br><br>           Defendants. | Case No. 04-CV-2303-WQH (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>**[Doc. No. 51]** |

This matter comes before the Court on a Motion to Compel Further Responses to Discovery filed by Plaintiff Leroy Willis, Jr. [Doc. No. 51]. For the reasons set forth below, Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART**.

I.    **CASE BACKGROUND**

Plaintiff, a pro se, was formerly a prisoner at the Richard J. Donovan Correctional Facility ("RJD" or "Donovan").[1] Defendants include Steven Ritter, D.O., the Health Care Manager/Chief Medical Officer at Donovan; Lori Raupe, Appeals Coordinator at Donovan; and Nola Grannis, Chief of the Inmate

---

[1] Plaintiff was released from Donovan in or about July 2007.

Appeals Branch.  Plaintiff alleges that Defendants violated his Eighth Amendment rights and his rights under the Americans With Disabilities Act by failing to provide him with adequate medical care.  First Am. Compl. [Doc. No. 5] at p. 4.  Specifically, Plaintiff, who allegedly suffers from dilated cardiomyopathy, a heart condition, contends that Defendants failed to provide him with a cardiac diet, delayed in an organ transplant, deprived him of medical attention, and denied him the opportunity to obtain an outside medical opinion.  Id. at pp. 3-5.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.  Id. at p. 7.

Plaintiff served a set of written discovery requests upon Defendant Ritter on or around January 25, 2007.[2]  The first page of the discovery requests consists of a pre-printed "Request for Admissions" form; the remainder of the pages consist of blank pleading paper.  Plaintiff set forth nineteen handwritten discovery requests on these pages.[3]  Ritter responded to these discovery requests on or about March 29, 2007.  Ritter did not provide any admissions, denials, or substantive responses but rather set forth blanket objections to each of the requests.

Plaintiff served another set of discovery requests, entitled "Introduction Motion to Produce Discovery", upon all three

---

[2] The Court is unable to determine exactly when Plaintiff served his discovery requests, as the proof of service attached to the discovery is defective in that it lists only the Court as a recipient, not defense counsel.

[3] Plaintiff's discovery includes Request Nos. 1 through 13 and 15 through 20.  Due to a numbering error, there is no Request No. 14.

defendants at some unknown time.[4]  Defendants, who construed the discovery as a demand for the production of documents, responded on or about March 29, 2007.  Defendants asserted blanket objections to all nine of the requests and again did not provide any substantive responses.

Plaintiff now moves to compel further responses to both sets of discovery on the basis that Defendants' responses were frivolous, too general, evasive, without merit and/or made in bad faith.  Willis Decl. in Supp. of Mot. at 4-6.[5]  Defendants have filed an opposition.

## II. LEGAL STANDARDS

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotations omitted).  The rule of liberal construction is "particularly important in civil rights cases."

---

[4] The Court cannot ascertain, from the papers filed in connection with this motion, when this additional set of discovery requests was served upon Defendants.

[5] The Court observes that the moving papers served on the Court are slightly different than the moving papers served on Defendants. For example, on the Court's copy of Plaintiff's motion [Doc. No. 51], the last sentence of text on the second page states, "Exhibit A-1 attached is copy of discovery."  Pl.'s Mot. at 2.  This text is missing from Defendants' copy of the motion.  See Tortorici Decl., Ex. 1.  Exhibit A-1 to Plaintiff's motion consists of a copy of Defendants' responses to Plaintiff's "Introduction Motion to Produce Discovery."  As Defendants' opposition does not reference this discovery, it appears to the Court that Defendants did not realize that Plaintiff's motion to compel encompasses this discovery. Nonetheless, in the interest of efficiency, the Court rules upon this aspect of Plaintiff's motion to compel herein.
    The Court is obviously concerned about the discrepancy between the papers filed with the Court and the papers served on Defendants, as well as Defendant's contention that papers delivered to Defendants by Plaintiff are often "jumbled and out of order."  Defs.' Mem. in Opp'n at 2.  The Court addresses these issues in the Conclusion section of this Order.

Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). This principle also applies to discovery propounded by pro se litigants. See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (courts should treat pro se litigants with "great leniency" when evaluating compliance with the technical rules of civil procedure). Courts have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(2); Hickman v. Taylor, 329 U.S. 495, 507 (1947). Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman, 329 U.S. 495). See also Wright et al., Federal Practice and Procedure § 2008 (noting that, even after the 2000 amendment to Rule 26(b)(1), the standard for discovery "is still a very broad one"). A district court has the authority to define the actual scope of discovery to the reasonable needs of the action. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment.

**III. DISCUSSION**

**A.   Plaintiff's "Requests for Admission"**

A request for admission ("RFA") is the procedure under which

one party can force another party to admit the truth of any relevant fact or the genuineness of any relevant document.  Fed. R. Civ. P. 36(a); Schwarzer et al., <u>California Practice Guide: Federal Civil Procedure Before Trial</u> ¶ 11:1970 (The Rutter Group 2007).  Here, it is clear that the discovery labeled by Plaintiff as "requests for admission" are not true RFAs.  As phrased, none of the requests seeks an admission or denial; indeed, many of the requests seek an answer or explanation far beyond the admission or denial required in response to a RFA.  Plaintiff's discovery is also problematic in that many of the requests are compound, vague, ambiguous, argumentative, and seek information not relevant to Plaintiff's claims.  Notwithstanding these facts, the Court believes that Defendant Ritter should have viewed the discovery requests liberally and tried to respond to them to the extent possible.  Instead, Ritter elected to object to each of the requests and provide no substantive responses whatsoever.

Construing Plaintiff's discovery requests liberally, and interpreting the requests as interrogatories rather than RFAs, the Court finds as follows:

**1. Mr. Ritter 2004 did you deny 602109#RJD031274 in 2004 filed by Leroy Willis Jr. the plaintiff who has heart disease.**

Although this request is somewhat convoluted, it is clear to the Court that it refers to the administrative complaint that Plaintiff submitted on a California Department of Corrections ("CDC") Inmate/Parolee Appeal Form 602, while incarcerated, regarding his alleged lack of medical care.  Plaintiff's administrative complaint was labeled as Log No. RJD 03-1274, the same number which appears in Request No. 1.  <u>See</u> Compl., pp. 8-9.

There is no reason that Defendant Ritter and/or his counsel should not have been able to identify this document and answer Plaintiff's request, i.e., did Dr. Ritter deny Plaintiff's administrative complaint?

Ritter shall therefore provide a substantive response to this request.

> **2. Mr. Ritter are you aware of the seriousness of the disease called Dilated Cardiomyopathy.**
>
> **3. Mr. Ritter is Heart Disease America #1 killer.**

These requests do not seek information relevant to Plaintiff's claims. The issues in this case concern *Plaintiff's* medical condition. It serves no purpose for Plaintiff to seek medical information of a general nature from Ritter; rather, he must demonstrate that *he* was denied adequate medical care for *his* medical condition. Any response to these requests would not provide any information whatsoever regarding *Plaintiff's* condition or whether he was provided with appropriate medical care.

Accordingly, no further response is required from Ritter to these requests.

> **4. Mr. Ritter how often should Mr. Willis have the Echo Exam performed in your opinion why did you Deny his request for a clinic visit.**

This request presents two requests for information, and is therefore compound. Even so, the requests seek information relevant to Plaintiff's claims. The Court therefore directs Ritter to provide substantive responses to each portion of this request, which the Court construes as an interrogatory.

//

1     **5.**     **Mr. Ritter are you aware of a law called Americans with Disability Act. How about the U.S. Constitution.**

2

3     This request does not seek relevant information. Ritter's

4 familiarity or unfamiliarity with these laws, as generally

5 described here, has no bearing on Plaintiff's claims.

6 Accordingly, no further response is required.

7     **6.**     **Can you look at a person and determine the diagnosis of the disease concerning heart disease. So Dr. Hunt opinion is only a opinion.**

8

9     This request is compound, vague, unintelligible, and

10 argumentative. Accordingly, no further response is required.

11     **7.**     **Is it good medical advice to have two opinions [or] "three" opinions.**

12

13     This request does not seek relevant information, as phrased,

14 as it seeks information of a general nature rather than

15 information specific to Plaintiff's claims. Accordingly, no

16 further response is required.

17     **8.**     **Mr. Ritter what did you mean when you told me you would not want to be in my shoes explain to the jury please honestly.**

18

19     The Court construes this request as an interrogatory and

20 orders Defendant Ritter to provide a substantive response.

21     **9.**     **Mr. Ritter emotional pain and stress can cause injury to a person heart there's is medical proof correct do you agree [or] do you have your own findings of this medical facts.**

22

23

24     **10.**     **Mr. Ritter as a doctor with a degree can emotional pain and stress kill?**

25     As discussed above, it serves no purpose for Plaintiff to

26 seek medical information of a general nature from Ritter; rather,

27 he must prove that *he* was denied adequate medical care for *his*

28 medical condition. These requests therefore do not seek relevant

1  information.  Accordingly, no further response is required.

2  **11.  Mr. Ritter are you aware you caused Mr. Willis
3       emotional pain and stress that last a life time it has
         caused blood to back up in the heart vessel of Mr.
4        Willis the report dated 1-10-07 line #4 F.A. Zamudio,
         M.D.  Doppler signal reveal an E to A reversal.
         Emotional pain and stress can cause the heart
5        additional complications agree.**

6  This request is compound, argumentative, vague, and
7  unintelligible, and the last portion of the request seeks
8  information of a general nature rather than information specific
9  to Plaintiff's claims.  Accordingly, no further response is
10 required.

11 **12.  Mr. Ritter Dr. Ritter as a chief medical officer and
        doctor do you tell all Americans that you treat you
12      would not want to be in there shoes [or] is it just
        "Mr. Willis".**
13

14 Defendant Ritter shall treat this request as an
15 interrogatory and shall provide a substantive response.

16 **13.  Dr. Ritter.  The prison you worked for at the time of
        this incident RJD provided special meals for different
17      disease was Mr. Willis provided a cardiac diet for his
        heart disease.  There is a documented medical need for
18      a cardiac diet from UCSD Medical San Diego.  Did you
        once ever try to make sure he was provided a medical
19      diet of cardiac meals while you treated Mr. Willis as a
        doctor and chief medical officer you claimed the meals
20      are heart healthy in a report to the Medical Board of
        California.  I have the report is saturated fat heart
21      healthy How about sodium.**

22

23 The Court construes this request as an interrogatory and
24 orders Defendant Ritter to provide a substantive response to the
25 following inquiry:  Did you ever try to make sure Mr. Willis was
26 provided a medical diet of cardiac meals while you treated him?
27 The remainder of the request is vague, compound, unintelligible,
28 and argumentative.  Accordingly, no further response is required.

**15.  Dr. Ritter was Mr. Willis at a stage where a heart transplant should [have] been considered is money $$ a issues with your employer.  Did you ever have Mr. Willis placed on a list for transplant while you treated and held the title of Chief Medical Officer.**

The Court construes this request as an interrogatory and orders Defendant Ritter to provide substantive responses to the following inquiries:  (1) Was Mr. Willis at a stage where a heart transplant should have been considered?  (2) Did you ever have Mr. Willis placed on a list for transplant?  Ritter need not provide any response to the "Is money an issue" inquiry as this statement is argumentative and not relevant to Plaintiff's claims.

**16.  Dr. Ritter.  Did you ever have Mr. Willis place on the list for**

**1.  Pacemaker**
**2.  Defibilator**
**3.  Valve replacement**
**4.  Transplant.**

The Court construes the first three requests as interrogatories and orders Defendant Ritter to provide substantive responses to each.  Ritter need not provide a response to the fourth request, concerning transplant, as this is duplicative of Request No. 15.

**17.  Dr. Ritter are medical mistakes costly.**

This request seeks information of too general a nature to be relevant to Plaintiff's claims.  Accordingly, no further response is required.

**18.  Dr. Ritter the blood that's backing up in Mr. Willis heart the echocardiogram report shows it clearly dated 1-10-07 are you the cause of the malfunction [due] to emotional pain and stress you cannot rule out emotional pain and stress caused by the lack of medical care and effective medical care can we.  And actions brought on by you "can we."  Does the shoe fit Dr. Ritter.**

1  This request is compound, argumentative, vague, and
2  unintelligible.  Accordingly, no further response is required.

3      **19. Dr. Ritter did you read the report done by the U.S.**
4      **District Judge on your employer medical system it's**
    **published in the San Diego Union Tribune I have a copy**
5      **it's evidence and (discovery).  Concerning you and high**
    **priced medical doctor's who provide medical care your**
6      **labeled a disgrace did you know this.  My complaint is**
    **warranted and long overdue.  Did you know your front**
7      **page news.  Dr. Ritter can you honestly say the cause**
    **of heart disease in America.**

8  This request is compound, argumentative, and does not seek
9  information relevant to Plaintiff's claims.  As stated above, the
10  issues in this case concern *Plaintiff's* medical condition.  In
11  order to prevail in this matter, Plaintiff must demonstrate that
12  *he* was denied adequate medical care for *his* medical condition.
13  Information concerning the state of the California prison medical
14  system in general is not relevant to *Plaintiff's* condition or
15  whether he was provided with appropriate medical care.
16  Accordingly, no further response is required.

17      **20. Dr. Ritter UCSD Medical San Diego performed a test in**
18      **2005 of the heart muscle of Mr. Willis.  The report**
    **differs from Alvarado Medical SD.  Who's telling the**
19      **truth.**

20  The Court construes this request as an interrogatory and
21  orders Defendant Ritter to make his best efforts to explain the
22  alleged discrepancy between the UCSD and Alvarado reports if he
23  has knowledge of these reports.

24  **B.   Plaintiff's "Introduction Motion to Produce Discovery"**

25  Plaintiff's "Introduction Motion to Produce Discovery" was
26  properly construed by Defendants as a demand for the production
27  of documents.  Again, however, Defendants asserted blanket
28  objections to all nine of the requests and did not provide any

substantive responses.  The Court finds as follows:

    **1.  Health care for inmates called a disgrace federal receiver appointed by U.S. District Judge Thelton Henderson (Report) San Diego Union News article dated 7-6-06 page A4.  U.S. District Judge took over California Department of Corrections health care system.  Note Robert Sillen wrote in his first report the health care is disgrace.**

This request does not seek information relevant to Plaintiff's claims.  As discussed above, information concerning the state of the California prison medical system in general is not relevant to *Plaintiff's* condition or whether *he* was provided with appropriate medical care.  Moreover, the news article referenced in the request is equally available to all parties.  Accordingly, no further response is required.

    **2.  All video CD DVD, ECT recording of operation that occurred on Mr. Willis conducted by CDC and Alvarado Hospital.  [¶]  All doctors from Alvarado Hospital Dr. Sun, Dr. Kevin Repeport, Dr. John Mazur, Dr. Steven Ritter CDC all witnesses. (Defendant) Attorney for record is requested to produce bodies of witnesses and DVD CD, ECT recording of operation dated 7-11-02 and all follow up visits there after by order of subpoena to all parties.  Under Rules of Civil Procedure.  Federal Rules of Evidence 404 (b) 28 U.S.C.A.**

The Court interprets this request as a request for copies of Plaintiff's medical records from the above-referenced doctors and hospital, including any CDs or DVDs of Mr. Willis's July 11, 2002 operation.  The Court, in a previous order, has ruled that Plaintiff is entitled to inspect any documents received by Defendants from third parties and/or to obtain copies of such documents upon payment of a reasonable copying charge.  See July 16, 2007 Order Following Case Management Conference [Doc. No. 71].  That ruling also pertains to any electronically stored information received by Defendants from third parties.  See Fed.

R. Civ. P. 34(a).  Therefore, to the extent that Defendants have received any of Plaintiff's medical records, including CDs or DVDs, from the doctors and hospital set forth above, those records shall be made available to Plaintiff for inspection and/or copying as previously ordered.  If Defendants do not have any such records, they shall serve a response which affirmatively states this fact.

**3.   San Diego "Union" article dated Nov 16-06 doubt cast on benefits of late angioplasties page A-1 A-14.**

This request does not seek information relevant to Plaintiff's claims, and the news article referenced in the request is equally available to all parties.  Accordingly, no further response is required.

**4.   CDC Lunches peanut butter potato chips-PIA milk what is being served called heart healthy diet.**

The Court interprets this request as a request for the production of documents regarding "heart healthy diets" provided to inmates by the CDC.  Defendants shall produce any non-privileged, responsive documents.

**5.   American Heart Association report on cardiomyopathy dated 10-25-06 to Leroy Willis concerning his current heart disease.**

This request seeks information which is equally available to all parties.  Accordingly, no further response is required.

**6.   Pages 9 through 32 of complaint documents 1 United States District Court Southern District WQH(JMA).**

In this request, Plaintiff seeks a copy of his own Complaint from Defendants.  This information is equally available to all parties.  Accordingly, no further response is required.

//

    **7.  State of California.  California Code of regulations.**

    This request is vague and intelligible, and thus no further response is required.

    **8.  Title 15. #8 CDC 602 109#RJD 03-1274.  Merck Medical report of heart functions and heart disease.**

    Defendants shall produce all documents in their possession, custody and control pertaining to Plaintiff's administrative complaint labeled as RJD 03-1274.  No further response is required as to the request for the "Merck Medical report" as this request does not seek information relevant to Plaintiff's claims.

    **9.  Plaintiff "request" attorney for defendant turn over all complaints filed on Steve Ritter Osteopathic Medical Board of California and all CDC 602 filed on Steve Ritter while employed at Donovan State Prison see Brandon v. Beard [140 F.R.D. 328, 329 (M.D. PA., 1991)] personal records and initial disclosures, Sacramento, California Medical Board Complaint Unit PH #9162632424 SAC, California.**

    The Court finds that complaints filed against Ritter with the Osteopathic Medical Board of California are not in the possession, custody or control of Defendants.  <u>See</u> Fed. R. Civ. P. 34(a).  Moreover, Plaintiff has made no showing of how complaints by others of alleged malpractice by Ritter, either to the Medical Board or through a CDC 602 complaint, have any bearing on his own claim, which must rest on the facts of his own case.  Thus, no further response is required by Defendants to these aspects of Plaintiff's request.

    Plaintiff also appears to seek Ritter's personnel records. In support, he cites to <u>Brandon v. Beard</u>, a case from the Middle District of Pennsylvania.  The court in that case directed prison officials to produce limited information from the defendants'

personnel records, including "dates on which the defendants were hired, the dates and reasons for termination and educational training." <u>Brandon v. Beard</u>, 140 F.R.D. 328, 329 (M.D. Pa. 1991). However, the court only did so after finding that such information was relevant. <u>Id.</u>  Here, Plaintiff has made no showing that Ritter's personnel records are relevant to the claims in his case, and the Court does believe that the pendency of this litigation permits Plaintiff access to Ritter's complete personnel file.  The <u>Brandon</u> court expressly noted that the plaintiff there did "not seek personal information that may jeopardize the defendants' safety" or "the entire files on the defendants for his own perusal." <u>Id.</u>  Here, Plaintiff apparently seeks Ritter's entire personnel file.  If Plaintiff seeks information from Ritter's personnel file, he shall describe with specificity the information he seeks, and the reason such information is relevant to his claims.  The Court will not require Defendants to produce any portion of Ritter's personnel file absent such a showing.  <u>See</u>, <u>e.g.</u> <u>Glass v. Diaz</u>, 2007 WL 2022034 (E.D. Cal. July 9, 2007) (denying prisoner's motion to compel on the basis that plaintiff "may not use discovery as a fishing expedition entitling him to review prison officials' personnel files in their entirety").

**IV.   CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel further responses to discovery is **GRANTED IN PART** and **DENIED IN PART**.  Defendant Ritter shall provide further responses to Request Nos. 1, 4, 8, 12, 13, 15, 16, and 20 of Plaintiff's "Requests for Admissions", construed by

the Court as Interrogatories, as well as to Request Nos. 2, 4 and 8 of Plaintiff's "Introduction Motion to Produce Discovery", construed by the Court as a Request for Production of Documents. No further responses are required in response to Request Nos. 2, 3, 5, 6, 7, 9, 10, 11, 17, 18 and 19 of Plaintiff's "Requests for Admissions" or Request Nos. 1, 3, 5, 6, 7, and 9 of Plaintiff's "Introduction Motion to Preclude Discovery."  <u>All further responses and the production of any documents required by this Order shall be served by Defendants within two (2) weeks of the date of this Order.</u>

**IT IS FURTHER ORDERED** that all future papers served on Defendants by Plaintiff shall be neat and orderly.  All proofs of service must separately list, by title, each and every document served on Defendants.  Furthermore, Plaintiff shall serve Defendants with <u>identical copies</u> of any filings made with the Court.

**IT IS SO ORDERED.**

DATED: August 24, 2007

_____
Jan M. Adler
U.S. Magistrate Judge