UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS, JR., CDC #H-36974, <br><br> Plaintiff, <br><br> v. <br><br> STEVE RITTER, et al., <br><br> Defendants. | Case No. 04-CV-2303-WQH (JMA) <br><br> **ORDER FOLLOWING TELEPHONIC CASE MANAGEMENT CONFERENCE;** <br><br> **AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

The Court convened a telephonic Case Management Conference on September 12, 2007 at 4:00 p.m.

**IT IS HEREBY ORDERED:**

1. The Clerk of Court shall update the docket to reflect Plaintiff's current address and telephone number:

>  110 West C Street, Suite 1709
>  San Diego, CA 92101
>  (619) 490-8096

2. Defendants' forthcoming motion to compel production of medical records will be heard on **October 17, 2007** at **9:00 a.m.** No appearances are required on the hearing date. Defendants' moving papers shall be filed and served no later than September

04cv2303

19, 2007. Plaintiff's opposition shall be filed and served no later than October 3, 2007. Defendants' reply shall be filed and served no later than October 10, 2007.

3. The discovery cutoff of September 14, 2007 remains in place as previously set forth, except with respect to any discovery that may be ordered to be produced pursuant to Defendants' forthcoming motion to compel.

**IT IS FURTHER ORDERED** that the remaining dates in this matter are rescheduled as set forth below:

1. All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before **November 30, 2007**.[1]  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.** Failure of counsel to timely request a motion date may result in the motion not being heard.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

2. A Mandatory Settlement Conference shall be conducted on **January 30, 2008** at **10:00 a.m.** in the chambers of Magistrate

---

[1] Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to file motions.

Judge Adler.  Counsel shall submit settlement statements **directly to Magistrate Judge Adler's chambers no later than January 23, 2008**.  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference.  The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel

only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required will result in the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

    3. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **February 4, 2008**.

    4. No Memoranda of Contentions of Fact and Law are to be filed except in a bench trial. In that case, counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **February 4, 2008**.

    5. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **February 11, 2008**.

    6. The Proposed Final Pretrial Conference Order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and lodged with the Clerk's Office on or before **February 15, 2008** and shall be in the form prescribed in Local Rule 16.1(f)(6). Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**

1  **or waste of time) of the Federal Rules of Evidence.**
2        7.   The final pretrial conference is scheduled on the
3  calendar of the Honorable William Q. Hayes on **February 25, 2008**
4  at **11:00 a.m.**  The trial date will be assigned by Judge Hayes at
5  the pretrial conference.
6        **IT IS SO ORDERED.**
7  DATED:   September 17, 2007

                                    _____
                                    Jan M. Adler
                                    U.S. Magistrate Judge